**DOROTHY GURR, STANLEY GURR, UTI GANDY, MALO MOEA'I, and AVALUA MOEA'I, Plaintiffs**

**v.**

**NEIL SCRATCH, SALA SCRATCH, AMERICAN INDUSTRIES, and AMERICAN SAMOA GOVERNMENT, Defendants**

High Court of American Samoa
Trial Division

CA No. 84-92

September 25, 1992

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel:    For Plaintiffs, Charles V. Ala'ilima
            For Defendants Neil Scratch, Sala Scratch, and American Industries, Afoa L. Su'esu'e Lutu
            For Defendant American Samoa Government, Jennifer L. Joneson, Assistant Attorney General

On Application for Preliminary Injunctions:

Plaintiffs' application for preliminary injunctions came regularly for hearing on September 18 and 21, 1992.

Defendants Neil and Sala Scratch own and operate defendant American Industries (collectively "American Industries"), a building materials and hardware business located in Tafeta, American Samoa. Presently, business operations are quite active. Hurricanes "Ofa" in 1990 and "Val" in 1991 contributed substantially to that development. However, real growth appears to have begun at some earlier time, which is not yet clearly identified. Business operations now involve use of areas on both sides the public road through Tafeta and include significant traffic from heavy-duty trucks and forklifts operated by American Industries and from numerous customers' vehicles. In plaintiffs' view, American Industries' business operations, with expansion, became and are now unduly noisy and hazardous for an area principally zoned as residential.

Earlier this year, American Industries went forward with plans to add a large warehouse-type structure to the business premises to serve as wholesale/retail outlet. When defendant American Samoa Government ("ASG") learned of the extent of this construction, it stopped the work and required American Industries to obtain land-use and building permits and any necessary zoning variance through its required project notification and review system (PNRS) process for such projects, which in this case included two noticed public hearings before the PNRS review committee.

During the course of this administrative process, plaintiffs were prompted to object to the proposed project. Apparently sensing prolonged delay in project approval and having substantial quantities of

cement on hand, American Industries changed the scope of the project and received ASG's informal approval to construct only a concrete slab for outdoor sports activities. The slab was then completed in accordance with the original plans, including concrete posts, which certainly suggests American Industries' anticipation of eventual approval of the proposed building. Indeed, although the building is not under construction, the slab is being utilized for non-sports activities.

This change in direction caused plaintiffs to then file this action to seek, among other relief, preliminary and permanent injunctions (1) requiring American Industries to cease all business operations and construction on its premises until there has been full compliance with ASG's PNRS and zoning requirements, and (2) preventing ASG from allowing any use of the premises that was not properly noticed. At the preliminary-injunction hearing, plaintiffs particularized their request for provisional relief to enjoin American Industries' use of the new slab, further expansion of business operations, and storage of materials on or other use of the area across the public road from the main business premises. There was also indication that American Industries is searching for alternative business locations, which might bring about a more peaceful resolution of this dispute.

We are persuaded that the preliminary injunctions sought by plaintiffs are unnecessary and inappropriate. This is a situation that calls for balancing the relative hardships. On one hand, plaintiffs appear to have legitimate nuisance complaints. On the other hand, American Industries may suffer significant financial detriment from the proposed constraints. An element of the public interest also exists in having this business outlet available to consumers in this part of the Territory.

We think that ASG is in a better position than the Court to assist in finding a solution to the competing interests of plaintiffs and American Industries, including acceptable uses of the new slab, during the pendency of this action. We do not share plaintiffs' perception that ASG is an inept regulator, which they consider to be illustrated by lax handling of laws and administrative rules in past matters concerning American Industries' business operations. To the contrary, we expect that ASG will act resolutely in enforcing presently applicable laws and rules, particularly in this action.

We would also point out that under A.S.C.A. § 43.1309(a), issuance of preliminary injunctions against American Industries requires a written undertaking by plaintiffs, with sufficient sureties as the Court

may determine, to the effect the plaintiffs will pay American Industries' damages and costs, up to a specified amount, that American Industries may sustain due to the injunction if a permanent injunction is not granted and American Industries is awarded damages and costs. In this regard, the evidence of record is not yet particularly illuminating, and an appropriate undertaking amount may only be conjectural at best. However, any significant, immediate curtailment of American Industries' business operations could result in substantial damages, perhaps in the tens of thousands of dollars.

For these reasons, we have concluded that preliminary injunctions as a provisional remedy should not be issued in this action, and we urge the three parties to pursue a reasonable resolution of their differences before the trial of this action.

The application for preliminary injunctions is denied.

It is so ordered.